IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMON V. HOLLINS,

              Plaintiff,

v.

CITY OF MADISON, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
JOEL DESPAIN, LANCE WIERSMA, and
JOHN AND JANE DOES,

              Defendants.

ORDER

17-cv-738-jdp

---

Plaintiff Emon V. Hollins, appearing pro se, is an inmate at the Waupun Correctional Institution. He alleges that officials from local, state, and federal agencies violated his rights to due process and equal protection of the law when they selected him for the "Focused Deterrence Program," a special law enforcement program designed for the worst violent repeat offenders in the city, and that city officials and journalists defamed him by spreading false information about him.

After I screened Hollins's original complaint, he filed an amended complaint removing the City of Madison and city and state officials that he had originally named as defendants from the defamation claims. *See* Dkt. 27. So I will dismiss defendant Joel DeSpain, who was a defendant solely on the defamation claim. Hollins added new defendants working for the media outlets that he says published the defamatory material: he names (1) Stephen Elbow, the Capital Times, and John and Jane Doe for the publication of a March 2012 article stating that Hollins was one of the most violent offenders in the city; and (2) Cityofmadison.com and John and Jane Doe employees for publishing an article stating that Hollins might be the first program

member to be sent back to prison.[1] I will allow Hollins leave to proceed on claims against the new defendants for the same reasons that I allowed him to proceed on the defamation claims in my original screening order.

But Hollins should be aware that I will consider defendant "Cityofmadison.com" to be the city itself, and the Doe employees he is suing are likely city employees. If he dismissed the other city employees on this state-law claim because I warned him that he might have to show that he properly followed Wisconsin's "notice of claim" statute, Wis. Stat. § 893.80(1d), he faces the same problem now.

Hollins followed with a document identifying most of the John or Jane Doe officials associated with his various claims, along with an amended complaint. Dkt. 36 and Dkt. 37. He brings due process and equal protection claims against officials from various jurisdictions who sat on the committee that selected him for the Focused Deterrence Program. He names the Does on that committee as Ismael Ozanne, Rita Rumbelow, Angel Jones, Linda Ketcham, Barbara McKinney, Mark Mellinthin, Paul Reed, Lisa Siegel, William Baudhuin, and Jay Lengeld. I will allow Hollins to proceed on claims against all of these officials.

I also allowed Hollins to proceed on equal protection claims under racial discrimination and "class-of-one" theories against the defendants on the selection committee and a Doe official who he says made the names and races of the candidates available to the selection committee, even though the Madison Police Department said that that information would not be used in selecting candidates for the program. I take him to be saying that he has identified that Doe as three already-existing defendants: Cory Nelson, Samantha Kellogg, and Paige Valenta.

---

[1] Hollins brought a third set of allegations against Channel 3000 News and employees of that outlet, but Hollins and those defendants stipulated to dismissal of those claims. Dkt. 35.

Hollins has filed two motions for entry of default against most of the newly named defendants. Dkt. 43 and Dkt. 45. He states that each defendant has been served, but that is incorrect. The defendants named in his original complaint were served, but the newly named defendants who are not city or state officials must still be served following this order screening the amended complaint. So I will deny Hollins's motions.

The City of Madison defendants have filed a motion to hold a status conference to provide clarification about the motions for entry of default and service of the new defendants. I will deny that motion as moot because this order resolves the issues raised by the City of Madison defendants. New defendants Mellinthin and Lengfeld have already appeared, but the rest of the new defendants must now be served. I will direct the clerk of court to do so.

For now, Hollins's tasks are to (1) identify the Does who work for Cityofmadison.com and the Capital Times; and (2) collect discovery to support his claims. Hollins may have until March 26, 2019, to submit a supplement to his complaint identifying the remaining Doe defendants. To accommodate the schedule, I will extend the dispositive motions deadline to August 1, 2019.

ORDER

IT IS ORDERED that:

1. Plaintiff Emon V. Hollins is GRANTED leave to proceed on the following claims:
   - Due process claims against defendants Lance Wiersma, Noble Wray, Tom Woodmansee, Cory Nelson, Samantha Kellogg, Paige Valenta, City of Madison, Ismael Ozanne, Rita Rumbelow, Angel Jones, Linda Ketcham, Barbara McKinney, Mark Mellinthin, Paul Reed, Lisa Siegel, William Baudhuin, and Jay Lengeld.
   - Equal protection racial discrimination claims against defendants Wiersma, Wray, Woodmansee, Nelson, Kellogg, Valenta, City of Madison, Ozanne,

    Rumbelow, Jones, Ketcham, McKinney, Mellinthin, Reed, Siegel, Baudhuin, and Lengeld.

- Equal protection "class-of-one" claims against defendants Wiersma, Wray, Woodmansee, Nelson, Kellogg, Valenta, City of Madison, Ozanne, Rumbelow, Jones, Ketcham, McKinney, Mellinthin, Reed, Siegel, Baudhuin, and Lengeld.

- Wisconsin-law defamation claims against defendants City of Madison, John and Jane Doe employees of Cityofmadison.com, Stephen Elbow, the Capital Times, and John and Jane Doe of the Capital Times.

2. Plaintiff's motions for entry of default, Dkt. 43 and Dkt. 45, are DENIED.

3. The City of Madison defendants' motion for a status conference, Dkt. 47, is DENIED as moot.

4. Defendant Joel DeSpain is DISMISSED.

5. The schedule is amended as stated above.

6. The clerk of court is directed to accomplish service of a summons, the document identifying Doe defendants, Dkt. 36, the amended complaint, Dkt. 37, the court's original order screening the complaint, Dkt. 12, and this order on defendants Ozanne, Rumbelow, Jones, Ketcham, McKinney, Reed, Siegel, Baudhuin, Elbow, and the Capital Times. The clerk should accomplish service either by forwarding those documents to the United States Marshal or by other means allowed under the Federal Rules of Civil Procedure.

Entered January 30, 2019.

                                                    BY THE COURT:

                                                  /s/
                                                  _____
                                                  JAMES D. PETERSON
                                                  District Judge