IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMON V. HOLLINS,

                                    Plaintiff,

    v.

LANCE WIERSMA, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,                  OPINION and ORDER
SAMANTHA KELLOGG, PAIGE VALENTA,
CITY OF MADISON, ISMAEL OZANNE,                        17-cv-738-jdp
RITA RUMBELOW, ANGELA JONES,
LINDA KETCHAM, BARBARA McKINNEY,
MARK MELLINTHIN, PAUL REED, LISA SIEGEL,
WILLIAM BAUDHUIN, and JAY LENGFELD,

                                    Defendants.

---

      Plaintiff Emon V. Hollins alleges that his rights were violated in several ways by his selection for the Madison Police Department's "focused deterrence program" designed to reduce recidivism among violent repeat offenders in the city. In a May 29, 2020 opinion, I granted motions for summary judgment filed by three groups of defendants. Dkt. 184. In particular, I dismissed Hollins's discrimination and due process claims against the members of the program's selection committee who filed motions for summary judgment. *Id.* That still left groups of federal and state defendants who served on the committee but who did not file motions for summary judgment. It also left a probation-supervisor defendant who didn't move for summary judgment; Hollins alleged that the supervisor allowed probationers to be subjected to the focused deterrence program. Hollins sought to replace the supervisor he originally named, Lance Wiersma, with probation supervisor Art Thurmer. I stated that my summary judgment analysis of Hollins's claims would almost certainly also apply to the defendants who

did not move for summary judgment, so I directed Hollins to show cause why I should not dismiss the claims against those defendants too. *Id.* at 29–30.

Hollins respond to my opinion by stating that all of his claims against the selection committee defendants should be dismissed because my analysis of his claims against the other committee defendants applies the same to them. Dkt. 189. He still requests that Wiersma be replaced with Thurmer because he's the correct defendant on those clams, but he concedes that I would dismiss his claims against Thurmer for the same reasons as his other claims. *Id.* Hollins states that he wants me to dismiss all of his claims so that he can appeal the entire case. *Id.* Hollins also filed a motion for extension of time to file an appeal, Dkt. 190, a motion for an order directing the prison business office to pay the entire filing fee for his appeal out of his release account, Dkt. 191, and a notice of appeal, Dkt. 193.

Because Hollins concedes that all of his claims should be dismissed for the reasons I've already stated in my May 29 opinion, I will dismiss the case and direct the clerk of court to enter judgment in favor of defendants. I won't allow him to amend his complaint to replace Wiersma with Thurmer because the amendment would be futile.

As for Hollins's appeal, he filed his notice before the entry of judgment. The clerk's office has designated the appeal as an interlocutory appeal, which makes sense because I had not yet formally dismissed all of Hollins's claims. Dkt. 193. But I won't treat the appeal as interlocutory because Hollins's stated position is that none of his claims would survive given my May 29 summary judgment rulings: his intention is to appeal the entire case. Under Federal Rule of Appellate Procedure 4(a)(2), "a notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." That is essentially what has happened here, so I'll consider Hollins's

notice of appeal to be from the forthcoming final judgment. However, I note that ultimately it's up to the court of appeals to decide whether Hollins's appeal is proper.

I'll deny Hollins's motion for an extension of time to file an appeal because he quickly followed with his timely notice of appeal. I'll also deny his motion for an order directing the prison business office to pay the entire filing fee for his appeal out of his release account, Dkt. 191. With the exception of initial partial payments of filing fees, *see Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005), this court does not have the authority to tell state officials whether a prisoner should be able to withdraw money from a release account.

ORDER

IT IS ORDERED that:

1. All of plaintiff Emon V. Hollins's claims are DISMISSED for the reasons set forth in the court's May 29, 2020 opinion.

2. The clerk of court is directed to enter judgment in favor of defendants and close the case.

3. Plaintiff's renewed motion to amend his complaint, Dkt. 189, is DENIED.

4. Plaintiff's motion for an extension of time to file an appeal, Dkt. 190, is DENIED as moot.

5. Plaintiff's motion for an order directing the prison business office to pay the entire filing fee for his appeal out of his release account, Dkt. 191, is DENIED.

Entered June 18, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge